Submitted. And we'll move to the third and final case of the day, which is 20-14504. Resnick et al. v. KrunchCash. I'm showing Mr. Cusa for the appellants, Mr. Avron for the appellees. Mr. Cusa, is it Cusa or Cusa? Cusa, Your Honor. Cusa, Cusa. You may proceed when ready. The district court believes that the federal claims in this case are foreclosed by Overmark. As a result of that, the district court believes that the court lacks subject matter jurisdiction. Can I ask you just to help me with a conceptual problem that I think I've had since law school? I haven't managed to shake. Why is it, I get it that there is a rule out there that suggests that this is the law, but why is it that a claim can be sort of so frivolous or unmeritorious as so as not even to invoke the jurisdiction of the court? I just don't think I understand that. I mean, I've always thought that jurisdiction and the merits were sort of like different. And no matter how stinky a claim, it might still be one that sits within the jurisdiction of the court. Like why in a case like this, why is this a 12 v. 1 and not a 12 v. 6? That's my fundamental question. Your Honor, I actually have the same issue, but I do understand that in this particular case with regards to the decision of the district court, the district court believes that it was following Sanders. And according to Sanders, if there is a Supreme Court case that forecloses, clearly in a federal claim, there is a lack of subject matter jurisdiction. Where is the line? Your Honor, in my mind, it's difficult to understand. What I do understand, Your Honor, what I respectfully understand is that in this case, the district court was clearly wrong. So with regard to the, before you get into why the district court was wrong, Your Honor, to answer Judge Newsome, isn't the honest answer that while it sure sounds like a 12 v. 6 motion for the failure of the stated claim, we're bound by what the Supreme Court said in Bell and what the binding precedent in this circuit is from Sanders. And so if it's wholly insubstantial and frivolous, we're bound to say we don't have the power to entertain the action in the first place. I confess I've never understood that either, because either we were given the power as courts of limited jurisdiction by Congress to hear it, or we weren't. It's a federal question. It may not state a claim, but that's different from saying we don't have the power to hear it. But we're given what we're given, and we have to accept Bell and Sanders, don't we? Your Honor, and I don't disagree with that. That's why I'm saying that with regards to what the district court did specifically, even though I disagree with its ruling that this case is foreclosed by Overmeyer's, I do understand that the district court believes that it was Fallon Sanders which quotes Bell. But once again, Your Honor, with regards to Overmeyer's, we absolutely strongly believe, Your Honor, based on the decision of Overmeyer's, is that Overmeyer's does not foreclose the federal claims in this case. Quite the contrary. Overmeyer's supports the federal claims raised in this case. In pretty much does a few things. Number one is Overmeyer's, when ruling on an Ohio law that was dealing with a cognitive provision, in a note, Overmeyer's ruled, the Supreme Court's statute was not facially unconstitutional. The Supreme Court, we believe, ruled that way because the Supreme Court recognizes, and we don't dispute this, that due process rights, rights under the 14th Amendment of the U.S. Constitution can be waived. That's why we believe that the Supreme Court ruled that the Ohio statute was not unconstitutional per se. But the Supreme Court did not stop there. The Supreme Court then looked at the facts that specifically surrounded the waiver and the cognitive provision. And after a detailed analysis of those facts, the Supreme Court ruled that the waiver was valid. In other words, the Supreme Court ruled implicitly that Ohio statute was not unconstitutional in its application. One of the things that the Supreme Court did is the Supreme Court made crystal clear that the facts of each case on issues like this one are extremely important. And the other thing that the Supreme Court did is the Supreme Court made crystal clear that Overmeyer is not precedent for other cases with different facts like this one. When you look at the facts of this particular case, there is no question that the facts alleged in the first amended complaint, they need to be taken as true. And the first amended complaint specifically and properly alleges a breach of a violation of Plaintiff's 14th Amendment due process rights and a violation of section 1983. The complaint specifically alleges that the defendants as state actors and under color of state law violated plaintiff's constitutional rights and violated section 1983. The complaint specifically alleges how is it that those violations took place? The complaint says that the defendants used Maryland law to do two things. It used rule 2.611 to have a confess judgment entered without prior notice and without hearing, which is a constitutional violation. And the complaint also alleges that defendants also used Maryland law 2.645 to freeze plaintiff's property again without prior notice and without hearing. Now, the complaint does not stop there. The complaint specifically deals with the issue of waiver. How is it that the complaint specifically deals with the issue of waiver? Because in the complaint, it is specifically alleged that the confession of judgment clause is null, void, and unenforceable. In paragraph 133 of the complaint, it is specifically alleged that that provision, among other provisions, in fact, that paragraph specifically alleges that the entire contract, which would include that provision, is null and void as a because the contracts deal with a contractual relationship that violates criminal usury laws under both Florida and New York law. But the complaint does not stop there. The complaint also alleges that the confession of judgment clause is also, and now let me quote this, absolutely null and void because under Florida Statute 5550, the statute stands for, and let me quote this again, such provision is quote absolutely null and void. There is absolutely no question that in this particular case, it has been alleged that the so-called waivers that would be applicable to this case are null and void, unenforceable, and therefore, Maryland's rules violated plaintiff's constitutional rights as it applied to this particular case. And the complaint specifically, in addition to what I just said, includes a specific count, which is count four. I just need to warn you, if we're ramping up into a new point, that we're over time. So you might, you know, we've kind of let you go, which is fine. You'll have some rebuttal time if that's okay. Yes, your honor. Very good. No, no, no, it's all good. Thank you so much. All right, Mr. Averon, you've got 15 minutes. Good morning. May it please the court, my name is Paul Averon. I'm here on behalf of the Appellees, Judge Cash and Jeffrey Hackman. Judge Newman, I'm going to take you up on your instruction when you first took the bench and told the lawyers to get right to it. So I'm going to do that. This case, as I reviewed it, turns on waiver. Turns on, I'm sorry? Waiver. Waiver, got it. The contract, the underlying agreements, the funding agreements and the security and guarantee agreements have waivers of the right to notice and hearing, and they also waive claims and defenses. And the former is important because this case, as appellants would frame it, turns on whether their due process rights were violated because of a lack of a hearing before the writs and garnishment were issued. So a couple of points. First, from Overmyer, what are the factors that we look at in determining whether it's a valid waiver? First, we're dealing with a contract of adhesion. And the answer is no, we're not. A contract of adhesion is a consumer transaction, a foreign contract that can't be negotiated by the purchaser or debtor. Here, we're dealing with funding agreements that provided millions of dollars in cash advances, plainly not consumer transaction. But did the district court really get into that analysis or just head it off with the decision that it didn't have jurisdiction? I agree with you, but the decision was based on that it lacked jurisdiction was based on a lack of foundation for a plausible claim, which derives from this court's decision in Sanders. The second factor is- Let me just stop you, if I could, for one moment, Mr. Abram. Yes, sir. The test, as I understand it, is not whether the claim is plausible or not. That might be something we now understand from Kickball and Toombley to be how we look at a claim for whether it states a claim under 12B6. But for purposes of subject matter jurisdiction, the question is whether the claim is so wholly insubstantial and frivolous. And it seems to me that what you've got to address is that question here. Why was this claim or these claims so wholly frivolous and insubstantial as to yield the conclusion that the court lacked the power to entertain- I'll address that. Excuse me. I'm sorry. Will you finish, Your Honor? No, no, I did. Thank you. Okay. Sorry. Sir, the Bell standard, which was enunciated again in Sanders, talks about the wholly insubstantial and frivolous standard. But what they say it means, what this court said it means in Sanders, is that the claim has no plausible foundation. And that's what the district court found below. And the claim doesn't have plausible foundation because they've waived the right to notice and hearing and claims and defenses. The second factor, if I may get back to that, is there a great disparity in bargaining power? And the answer is no. Who are the counter-contract parties to the funding agreements? Law firms whose principles are lawyers and a corporation. So there's no disparity in bargaining power, let alone great disparity. The third factor was consideration provided to judgment debtor or counter-contract party in return for stipulating to the confession of judgment provisions. And the answer to that is unqualified yes. Multiple millions of dollars of funding of cash advances was provided. Overmyer, as counsel conceded, clearly teaches, among other things, that constitutional rights can be waived. We know that. We all know that. Right to a jury trial is waived all the time. Right to Miranda warnings are waived all the time. So there's no question of waiver. Florida and New York law provide that there's no right to a notice and hearing before garnishment issues. And for that, I would cite the following cases. United Presidential Life Insurance v. King, 361 Southern 2nd, 710 at page 713. That's a Florida Supreme Court case. And National Bank v. Kenyell, K-A-N-Y-A-L, 874 Southern 2nd, 716 at page 717. That's a Florida Fourth District Court of Appeal opinion from 2001. And under New York law, I would cite civil practice law rule 5222. So we submit that the waivers are fatal, dispositive of this case. We cited cases in the brief. Can I ask you a question? So Judge Marcus and I, at least, have both expressed sort of grudging acknowledgement, but some lingering suspicion of this idea that a claim can be so bad that it deprives the court of jurisdiction. I understand that Bell says it. Got it. Understood. I'm middle management. The Supreme Court says, Bell, I got it. But I guess my question to you is, at the very least, if that's a weird concept, which I think it is, that a claim can be so bad as to divest the court of jurisdiction, shouldn't we really pretty stringently narrow the class of claims that qualify for the so-called Bell exception? And if so, if so, you know, Overmyer itself says, hey, just to be clear, this is good for this right only, this decision. Not precedent for other facts, other cases with other facts. And we're sort of hamstrung here by the fact that the district court offered us essentially no analysis. So far as I can tell, it's one sentence. This is foreclosed by Overmyer. See ya. Yes, you're correct. The court, that is the extent of the court's analysis. But obviously, this court, as your Honor and this court will know, can affirm on any ground, regardless of grounds, regardless of the grounds accepted, adopted, or rejected by the district court. So this is helpful. I mean, the reason I asked the question is that I wonder, just how adventuresome or creative should we get when we're in sort of this weird crevice where the claim is sort of like so stinky as to deprive the court of jurisdiction? I'm not sure I agree with the premise that you're in a weird crevice or anything of the like. The standard is pretty clear under the second Bell exception. Pretty clear, but very stringent, right? Wholly substantial, wholly unsubstantial. But that, you have to look at the second sentence in Sanders, where they're explaining that second sentence. No plausible foundation, right? Lack of plausible foundation. So it isn't the former. That is what's written. I'm not going to debate that with you. It's there in this court's opinion. I gotcha. But that's the question. And I submit that the answer to that question is, absolutely, there's no foundation to this case. They waived all their rights. They waived the hearing. That is the essence of this appeal. Whether they should, whether their due process rights were violated by not having notice and opportunity for hearing for the garnishments, excuse me, were issued. And also, as to usury, I have to address that because counsel had brought it up. And I will tell you that Florida and New York law absolutely provide that usury is a waivable defense. And I'm going to get into that in a minute. But I'm going to give you two sites from Florida. Gwen Plumbing, 252 Southern 2nd, 1 at page 4. That's a Florida Supreme Court case from 1971. And Feldman v. Torres, 939 New York Southern 2nd, 221. That's a New York Supreme Court case. That's a misnomer. It's a trial court. Supreme Court is the trial court there. And it collected several cases that said so. So as to usury, so beyond that it's waivable, and I submit it was absolutely waived, there's other problems under New York and Florida law. There are under the statutes in both states, there's a floor, or excuse me, a ceiling above which usury doesn't apply. In Florida, it's $250,000. In New York, it's $2.5 million. Here, even using the higher $2.5 million, we've exceeded that in funding by multiples of that amount. So any claim based on usury, which is essentially their segue into the assertion that the underlying contract is void, fails as a matter of the law. So I would very briefly now turn to two other points I wanted to make. First, and this is not challenged by appellants in their brief, the district court after it dismissed the federal claims, it declined to exercise supplemental jurisdiction of dependent state law claims. And it had the right to do so. On what basis? 28 U.S.C. 1367 C.3 specifically provides for that eventuality. And that decision was consistent with case law from this court, which holds that once federal claims are dismissed, the federal court, should dismiss in favor of the state law. And it's also consistent with case law from this court that holds that state courts in the main should be the judges over state law claims. And usury obviously is a state law claim. And the third point I want to make, this is going to take a minute or two to explain, but there is an alternative basis to affirm. And again, I've So I see two ways that that can happen. The first is by this court adjudicating the issue in the first instance, because I acknowledge the district court didn't, but I'm going to get to that in a second. And the second is by sending it back to the district court akin or analogous to rule 12.1 indicative ruling. So let me take the former, let me take this in turn. So what's in the record that would allow this court to adjudicate this appeal on abstention grounds? Well, first you have the abstention motion that was filed by the appellees. That's at docket entry 77. And that was specifically referred to in the district court's order. Next, you have the arguments at the last two and a half pages of the appellants, excuse me, principal brief, where they argue to you why in their opinion, abstention was wrong. And third, you have the district court's order and analysis. So what was in that analysis? Well, I'll tell you what's in that analysis. The court identified the abstention issue. It identified the relevant case law. It identified the relevant factors and it engaged in an analysis and its analysis was that every factor was in favor of abstention or was neutral. But I acknowledge, I acknowledge the court didn't end with the one sentence that was missing. Therefore I abstain. It didn't do that because it acknowledged the appellants hadn't yet filed a response to the appellee's abstention motion. So I understand that. So this court has, so I guess what I'm telling your honor is this court has enough in the record to adjudicate it in the first instance. However, I'm obviously mindful that this court is an appellate court and it prefers that district courts rule on issues in the first instance and this court function as it's supposed to function to review what the district court does. And so that brings me to my second alternative mechanism, I guess I would call it, is for this court, again, akin, not the same, but akin to rule 12.1 indicative ruling, temporarily release jurisdiction, send it back to the district court, direct the district court to enter a scheduling order for the appellant to file a response, for the appellees to file a reply, both of which are contemplated by the district court's local rule 7.1. Have it adjudicate. We think it'll come out the same way. I'm highly confident it will, but I understand that there was no briefing, full briefing, and I get it, that's fine. And let the district court enter its ruling and then the jurisdiction court revests in this court. So that has, I guess, the salutary effect of this court not having to adjudicate the constitutional issue, I guess the concept of constitutional avoidance. So I wanted to raise that and obviously everything I'm just discussing about abstention is done in the context of this court's rule stated in numerous cases that this court confirm on any ground, regardless of the grounds, addressed, adopted, or rejected by the district court. And just as one case among many that says that, Bonanni Ship Supply versus the United States from 1992. It's a decision from this court. So with that, I realize I have a little time left. I guess perhaps you can help me conceptually here. It seems to me if subject matter jurisdiction is before us, that question must be answered first. I don't know that we can abstention as an alternative possibility, as attractive as that otherwise may be. So I'm asking directly, are we not required to answer the question of whether we have the power to hear this case before we get on to any other possibilities that assume the power and then talk to the merits of something else? That's a fair point, Judge Marcus. That's a fair point. I would submit to the court that this court, it's not the question whether this court, the 11th Circuit has jurisdictions, whether the district court properly determined that it didn't have jurisdiction. And that again goes to whether the claim has a plausible foundation under this court's decision in Blue Cross and Blue Shield versus Sanders. And for the reasons I explained, it doesn't. I ask the court to affirm. Thank you. Very well. Thank you so much. And Mr. Cusa, you've got a little bit of rebuttal time remaining. Oh, just two sticky notes. There you go, Your Honor. Very briefly, there's no question that the issue before this court is whether the court has subject matter jurisdiction. And that question has to be answered. In fact, the court cannot get into the merits of the claims until the court first determines that it has subject matter jurisdiction. I guess not to like just completely nerd out on this, but abstention is this sort of like this ethereal doctrine that sort of partakes of jurisdiction-ish character. I mean, so I guess, I don't know as I'm sitting here, but abstention might be sufficiently on par with subject matter jurisdiction that we could do it that way. Your Honor, my mind is going to Colorado River and Pullman and all those cases. And the reason I think about it is that typically in those cases, the parties advocating against abstention quote this passage that says courts have a virtually unflagging obligation to exercise the jurisdiction given them, which leads you to think that, oh, maybe abstention is a jurisdictional-ish-esque doctrine. Your Honor, so there's no question that issues of abstention are raised numerous times when there are two parallel proceedings, one in federal court and one state court. My recollection without having read the cases recently is that it is not an easy decision to abstain from exercising jurisdiction, especially when the issues involve the constitutional issue. Doesn't abstention counsel suggest that I have the power to hear the case. I'm just choosing not to exercise that power for sound prudential reasons. It's pending somewhere else. They had the case first. I don't want to interfere, whatever the case may be. But that's different, is it not, from saying I don't have the power to hear it at all because Congress didn't give it to me. Judge Marcus, I agree with that. There's no question that not having subject matter jurisdiction is different from saying I am abstaining from exercising the subject matter jurisdiction that I do have for the specific reasons in each of the cases that deal with abstention. Back to the point where I started with the rebuttal, there is absolutely no question that this court has to rule on whether there is subject matter jurisdiction or there isn't. The issue of whether Overmyer forecloses the federal claims raised in this case has to be addressed by this court. And there's no question, Your Honor, that Overmyer does not foreclose the federal claims raised in this case in part because Overmyer speaks for itself. It specifically says that its decision is not precedent for other similar cases with different facts. Again, this case is an example. Separate and apart from that, when you look at the first amended complaint, there is absolutely no question, there's absolutely no question that the complaint, the allegations in the complaint, which have to be taken as true, specifically state that there was no waiver because the confession of judgment provisions are null and void. What I was going to say before is that not only is it alleged in different paragraphs, but there's a specific count, count four of the complaint, which specifically asks the court to declare that the confession of judgment provision is null and void. Having said that, respectfully, the court has jurisdiction and respectfully, we ask that the court overturn the district court's decision. Thank you, Your Honor. Thank you so much. Well done on both sides. That case is submitted